**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Mayank Prasad,                                    )    No.  CV-26-04198-PHX-SPL
                                                  )
                    Plaintiff,                    )
                                                  )    **ORDER**
vs.                                               )
                                                  )
Sage Counseling Incorporated, et al.,             )
                                                  )
                    Defendants.                   )
                                                  )

Before the Court is Plaintiff Mayank Prasad's Emergency Motion for a Temporary Restraining Order and Preliminary Injunction pursuant to Fed. R. C iv. P. 65(a) & (b). (Doc. 3). Plaintiff has also filed a Motion to Allow Lodging of Physical USB Drive (Doc. 4) and a Motion to Allow Electronic Filing (Doc. 5).

**I.      Motion for Temporary Restraining Order and Preliminary Injunction**

On June 15, 2026, Plaintiff filed a Complaint along with the Motion for Temporary Restraining Order ("TRO") and Preliminary Injunction. (Docs. 1, 3). Plaintiff alleges that he brings this action to "dismantle a systemic, highly organized, and unconstitutional 'pay-to-play' probation extortion scheme operated by Defendant [Sage Counseling Inc.], acting under the color of law with the Maricopa County Adult Probation Department." (Doc. 1 at 2, ¶ 1). Specifically, Plaintiff challenges that "non-Medicaid (non-AHCCCS) probationers" are required to pay "a mandatory, out-of-pocket fee of $110.00 cash to undergo court-mandated substance abuse and compliance assessments." (*Id.* at 3, ¶ 3). In the Motion for TRO, Plaintiff asserts that an "emergency order is necessary because Defendants are

actively committing systemic constitutional deprivations under color of law" and "[e]very single day this paywall remains active, indigent probationers face an imminent, catastrophic threat of physical incarceration, loss of liberty, and extortion under duress." (Doc. 3 at 2).

Rule 65 of the Federal Rules of Civil Procedure authorizes the Court to issue a preliminary injunction or TRO where the party seeking the relief establishes that: "(1) it is likely to succeed on the merits; (2) it is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in its favor; and (4) an injunction is in the public interest." *Pom Wonderful LLC v. Hubbard*, 775 F.3d 1118, 1124 (9th Cir. 2014) (citing *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008)).[1] In addition, a mandatory injunction, which requires "affirmative conduct," is "subject to heightened scrutiny and should not be issued unless the facts and law clearly favor the moving party." *Dahl v. HEM Pharms. Corp.*, 7 F.3d 1399, 1403 (9th Cir. 1993).

A TRO enjoining an adverse party without notice may issue only if

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1). Courts apply the requirement in Rule 65(b)(1)(B) to unrepresented litigants. *See Zaragosa-Solis v. Gutierrez*, No. CV-22-00562-TUC-JCH, 2023 WL 12091382, at *5 (D. Ariz. Aug. 22, 2023) ("Regardless of whether Plaintiff is represented by an attorney, explaining the efforts he has made to provide notice is a required element, and the Court may grant *ex parte* relief 'only if' this element is satisfied.") (citation omitted); *see also Hernandez v. City of Chandler*, No. CV-23-01400-PHX-MTL, 2023 WL 7301860, at *8 (D. Ariz. Nov. 6, 2023).

---

[1] The standard for granting a temporary restraining order is the same as the standard for preliminary injunctive relief. *Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001).

Here, Plaintiff has not met his burden to demonstrate that he is entitled to immediate, temporary injunctive relief. He has not complied with the requirement of Rule 65(b)(1)(B), which would result in a denial of the request for TRO. (*See* Doc. 3). Even more, he has not demonstrated that he is likely to suffer irreparable harm in the absence of preliminary relief. In other words, Plaintiff does not demonstrate that the harm alleged is real, imminent, and significant, rather than merely speculative, or that he would otherwise sustain some intangible injury that cannot be redressed or adequately compensated by money damages. *See Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1139 (9th Cir. 2009) ("[C]onsequences must not be too remote, insubstantial, or speculative and must be supported by evidence"); *Goldie's Bookstore, Inc. v. Superior Court*, 739 F.2d 466, 472 (9th Cir. 1984) ("Speculative injury does not constitute irreparable injury"). In fact, Plaintiff alleges that "[t]o avoid immediate administrative default, the filing of a Petition to Revoke, and subsequent armed arrest under color of law, the Plaintiff completed the payment of $110.00 cash out of pocket." (Doc. 1 at 11, ¶ 30). He further explains that the "transaction represents a concrete, out-of-pocket economic damage directly suffered by Plaintiff due to Defendants' unconstitutional policy." (*Id.* at 11–12). *See Rent-A-Center v. Canyon Television & Appliance Rental, Inc.*, 944 F.2d 597, 603 (9th Cir. 1991) ("[E]conomic injury alone does not support a finding of irreparable harm, because such injury can be remedied by a damage award.").

Because Plaintiff alleges he has paid the allegedly unconstitutional charge and made an appointment for June 10, 2026, it is unclear what kind of irreparable harm could warrant an injunction here. (*See* Doc. 1 at 12). To the extent Plaintiff seeks to argue that there is irreparable harm to a class, that alleged harm does not warrant a preliminary injunction because "the privilege to represent oneself *pro se* provided by [28 U.S.C.] § 1654 is personal to the litigant and does not extend to other parties or entities." *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008) (citations omitted).[2] Thus, any harm to others

---

[2] Plaintiff alleges that he "has retained highly competent, experienced civil rights and class-action trial counsel." (Doc. 1 at 27). However, no counsel has appeared in this case

cannot justify relief here. Therefore, Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction will be denied as to both requests.

## II.    Additional Pending Motions

First, in Plaintiff's Motion to Allow Lodging of Physical USB Drive, Plaintiff asks the Court to allow him to lodge a physical USB drive that contains "the raw audio files of Exhibits included in this case." (Doc. 4 at 1). The Court construes this as a Motion to lodge exhibits with respect to the Motion for Temporary Restraining Order and Preliminary Injunction. Having already determined that Plaintiff is not entitled to a TRO or preliminary injunction, the Court will deny this Motion as moot. To the extent that Plaintiff seeks discovery at this stage of the case, the Court will also deny the request. Federal Rule of Civil Procedure 26(d) provides that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." Plaintiff may only obtain early discovery if authorized by the Court based on "good cause." *See Contentguard Holdings, Inc. v. ZTE Corp.*, No. 12cv1226-CAB (MDD), 2013 WL 12072533, at *1 (S.D. Cal. Jan. 16, 2013). No good cause appearing, the Court finds the request is premature and the Motion will be denied.

Second, Plaintiff has filed a Motion to Allow Electronic Filing by a Party Appearing Without an Attorney, in which he requests permission to electronically file and serve documents. (Doc. 5). The Motion will be denied. Electronic filing requires parties to code their filing so that they are properly docketed electronically. When electronically filed documents are not properly docketed, they are not easily retrievable by the Court on its case management reports. Therefore, because Plaintiff has not shown that he possesses the legal training necessary to properly file and docket matters in this case, his request will be denied.

///

///

and Petitioner filed the Complaint and Motion pro se. (*See* Docs. 1, 3).

4

### III.    Conclusion

For the reasons stated above,

**IT IS ORDERED** that Plaintiff's Emergency Motion for a Temporary Restraining Order and Preliminary Injunction pursuant to Fed. R. C iv. P. 65(a) & (b) (Doc. 3) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Allow Lodging of Physical USB Drive (Doc. 4) is **denied as moot**. To the extent that Plaintiff requests discovery, the Motion is **denied as premature**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Allow Electronic Filing (Doc. 5) is **denied**.

Dated this 16th day of June, 2026.

Honorable Steven P. Logan
United States District Judge